IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL COOPER, | : | |
|     Plaintiff | : | No. 1:22-cv-01323 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| UNIT MANAGER KNAPP, et al., | : | |
|     Defendant | : | |

### MEMORANDUM

Pending before the Court in the above-captioned action are numerous motions, including Defendants' motions to dismiss Plaintiff's amended complaint, and Plaintiff's subsequent motion seeking leave to amend his amended complaint. (Doc. Nos. 23, 25, 43.) For the reasons set forth below, the Court will grant Plaintiff's motion seeking leave to amend, and the Court will deny, as moot, Defendants' motions to dismiss Plaintiff's amended complaint. In addition, the Court will resolve the parties' remaining motions. (Doc. Nos. 29, 34, 35, 36, 39, 49, 51.)

I.  BACKGROUND

Plaintiff Jamil Cooper ("Plaintiff") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), incarcerated at State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania. He commenced this action on August 23, 2022, by filing a pro se complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 1 at 2, 32.) Following some initial administrative matters (Doc. Nos. 2, 6), Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 10), as well as his prisoner trust fund account statement (Doc. No. 11). In addition, Plaintiff also filed a motion for leave to file an amended complaint, along with a supporting brief. (Doc. Nos. 8, 9.)

On October 11, 2022, the Court deemed Plaintiff's complaint filed and granted his motion for leave to proceed in forma pauperis. (Doc. No. 12.) In addition, the Court granted

Plaintiff's motion for leave to file an amended complaint and directed him to file an amended complaint within thirty (30) days. (Id.) In accordance with that Order, Plaintiff timely filed his amended complaint. (Doc. No. 13.)

Plaintiff's amended complaint alleges a Section 1983 claim against the following individuals and entity as defendants, all of whom appear to have worked at or contracted with SCI Rockview: John Wetzel, the former Secretary of the DOC; George Little, the former Acting Secretary of the DOC; Garman, the Superintendent of SCI Rockview; Knapp, a Unit Manager at SCI Rockview; Baker, Bressler, Ceprish, Chicolite, and Sergeant Peterson, five (5) corrections officers at SCI Rockview; Ellers, the DOC's Health Care Administrator; Wellpath Holdings, the Commonwealth's contracted healthcare services provider for the DOC; and, finally, an "Unnamed Nurse Supervisor[.]" (Doc. No. 13 at 1–7.)

In his amended complaint, Plaintiff alleges that, while incarcerated at SCI Rockview, he was denied timely access to medical care following a knee injury and that he was retaliated against by being moved to a less desirable housing unit, all in violation of his First and Eighth Amendment rights. (Id. at 7–20.) In addition, Plaintiff also asserts a state law claim for negligent infliction of emotional distress. (Id. at 20–21.) As for relief, he seeks, inter alia, monetary damages, "attorney fees[,]" declaratory relief, and "whatever else the Court deems proper and just." (Id. at 22.)

On December 7, 2022, the Court directed the Clerk of Court to serve, inter alia, a copy of his amended complaint on the named Defendants. (Doc. No. 15.) On January 5, 2023, Defendants Wetzel, Little, Garman, Knapp, Baker, Bressler, Ceprish, Chicolite, Peterson, and Ellers (collectively, the "Commonwealth Defendants") filed a waiver of service, and counsel entered an appearance on their behalf. (Doc. Nos. 17, 18.) One week later, on January 12, 2023,

counsel entered an appearance on behalf of Defendant Wellpath Holdings and filed a notice of intention to enter judgment non pros for Plaintiff's failure to file a certificate of merit. (Doc. Nos. 19, 20, 21.) Thereafter, on January 24, 2023, Defendant Wellpath Holdings filed a motion to dismiss Plaintiff's amended complaint, along with a supporting brief. (Doc. Nos. 23, 24.) On February 7, 2023, the Commonwealth Defendants also filed a motion to dismiss Plaintiff's amended complaint, followed by a supporting brief. (Doc. Nos. 25, 27.) Plaintiff has since filed briefs in opposition to Defendants' motions to dismiss. (Doc. Nos. 33, 50.)

On February 28, 2023, the Commonwealth Defendants filed a motion to stay and supporting brief. (Doc. Nos. 28, 30.) In essence, they seek to stay discovery in this matter until after the Court's resolution of their pending motion to dismiss Plaintiff's amended complaint. (Id.) As reflected by the Court's docket, after the Commonwealth Defendants filed their motion to stay, Plaintiff began filing numerous motions. (Doc. Nos. 34, 35, 36, 39, 43, 49, 51.) Plaintiff filed a motion to stay (Doc. No. 34), a motion seeking an "extension" of that motion to stay (Doc. No. 42), three (3) motions to compel (Doc. Nos. 35, 36, 39), and a motion for leave to file a second amended complaint (Doc. No. 43), followed by a second amended complaint (Doc. No. 46). Plaintiff also filed two (2) motions seeking an extension of time to file certain briefs.[1] (Doc. Nos. 49, 51.)

As for his motions to compel, Plaintiff asserts that he has been attempting to identify Defendant "Unnamed Nurse Supervisor" by serving Defendant Wellpath Holdings and the Commonwealth Defendants with, inter alia, interrogatory requests. (Doc. Nos. 34, 35, 36, 38,

---

[1] Plaintiff's motions seeking an extension of time to file briefs (i.e., a brief in opposition to Defendant Wellpath Holdings' motion to dismiss (Doc. No. 49) and a reply brief in connection with his motion to amend his amended complaint (Doc. No. 51)) will be granted, and his briefs, which he filed after his motions, will be deemed properly filed.

3

39, 40.)² Plaintiff asserts, essentially, that despite having served these interrogatory requests upon Defendants and despite having sent follow-up correspondence to their counsel, neither Defendant Wellpath Holdings nor the Commonwealth Defendants have responded to him. (Id.) As a result, he requests that the Court order their "compliance" and direct them to respond to his interrogatory requests. (Id.)

Relatedly, in his motion to stay, Plaintiff appears to seek a stay of the Court's resolution of Defendants' pending motions to dismiss his amended complaint on the asserted basis that he is attempting to identify Defendant "Unnamed Nurse Supervisor." (Doc. No. 34.) And, in his motion seeking an "extension" of his motion to stay, Plaintiff reiterates his request for a stay and appears to assert that he still needs additional time to identify Defendant "Unnamed Nurse Supervisor." (Doc. No. 42.)

Finally, as for his motion seeking leave to amend his amended complaint, Plaintiff asserts that he has now been able to identify Defendant "Unnamed Nurse Supervisor" as "E. Coffman" ("Coffman"), a nurse supervisor at SCI Rockview, and that, as a result, he would like to amend his pleading in order to add this individual as a defendant to the litigation. (Doc. Nos. 43, 45.) Additionally, Plaintiff asserts that he would also like to add another individual, Michelle Fisher ("Fisher"), the Health Services Administrator for Defendant WellPath Holdings at SCI Rockview, as a defendant to the litigation. (Id.) Plaintiff, without leave of court or permission from any of the Defendants, subsequently filed his second amended complaint. (Doc. No. 46.)

---

² Although Plaintiff filed three (3) motions to compel (Doc. Nos. 35, 36, 39), it appears that, with respect to one of those motions (Doc. No. 35), Plaintiff has not filed a supporting brief. Nevertheless, his other two (2) motions to compel are accompanied by a supporting brief, and the substance of those motions suggests that he only intended to file two (2) motions to compel—that is, one against Defendant Wellpath Holdings and the other against the Commonwealth Defendants.

4

However, considering Plaintiff's pro se status in this litigation, and consistent with the Court's Local Rules, the Court construes his second amended complaint to be a "proposed" amended pleading. See M.D. Pa. L.R. 15.1(a) (explaining that when a party files a motion seeking leave to amend his pleading, he must, inter alia, file a "proposed amended pleading").

Defendants, in turn, have opposed Plaintiff's motions to compel (Doc. Nos. 37, 41) and Plaintiff's motion seeking leave amend his amended complaint (Doc. Nos. 47, 48). However, as suggested by Plaintiff, because he has since learned the identity of Defendant "Unnamed Nurse Supervisor[,]" and because he concedes that there "is no longer a problem" concerning the "identification issue" (Doc. No. 45 at 3), most of the parties' pending motions (i.e., the various motions to stay and motions to compel) are rendered moot because Plaintiff has received the relief sought—that is, the identity of the unnamed defendant. The Court agrees.

Thus, in light of this background, the issues that remain unresolved before the Court are (1) Defendants' pending motions to dismiss Plaintiff's amended complaint (Doc. Nos. 23, 25), and (2) Plaintiff's motion to amend his amended complaint (Doc. No. 43). These motions, which have been briefed by the parties, are ripe for the Court's resolution.

**II.    LEGAL STANDARD**

Rule 15 of the Federal Rules of Civil Procedure sets forth the circumstances in which a party may amend his pleading. See Fed. R. Civ. P. 15. Under Rule 15(a)(1), a party may amend his pleading "once as a matter of course" within (a) 21 days after service or (b) 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend his pleading as a matter of course "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2).

Under the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted); Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (stating that "[t]his liberal amendment regime helps effectuate the general policy embodied in the Federal Rules favoring resolution of cases on their merits" (citation and internal quotation marks omitted)).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment[.]"  See Foman, 371 U.S. at 182.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

These various "factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff."  See Mullin, 875 F.3d at 149–50 (citation omitted).  However, "[a]ll factors are not created equal, . . . as prejudice to the non-moving party is the touchstone for the denial of an amendment."  See id. at 150 (citation and internal quotation marks omitted).

And, ultimately, "[a] decision on whether to permit amendment of the pleading generally falls within the District Court's discretion."  See id. (explaining, however, that when an

6

"amendment is denied for legal reasons . . . such as when the proposed amendment would fail to state a claim[,]" the decision is reviewed de novo); United States ex rel. Ascolese v. Shoemaker Constr. Co., 55 F.4th 188, 193 (3d Cir. 2022) (recognizing these same legal principles (citations omitted)).

**III.   DISCUSSION**

In accordance with the governing legal standard, Plaintiff cannot amend his pleading as a matter of course under Rule 15(a)(1) because he did not file his motion to amend or subsequent proposed second amended complaint within twenty-one (21) days after service of Defendants' motions to dismiss under Rule 12(b).  Additionally, because Plaintiff did not seek opposing counsel's written consent, amendment under Rule 15(a)(2) requires leave of Court.

As an initial matter, the Court recognizes that, based upon Plaintiff's assertions and supporting documentation, he has been diligent in attempting to identify Defendant "Unnamed Nurse Supervisor" since the commencement of this lawsuit.  See, e.g., (Doc. Nos. 14, 34, 36, 39, 42, 45, 52).  Thus, while Plaintiff's request to amend comes after Defendants filed their motions to dismiss his amended complaint, the Court cannot say that there has been undue delay, bad faith, or dilatory motive on the part of Plaintiff.   In addition, the Court also cannot say that there has been any repeated failure to cure deficiencies by amendments previously allowed.  Indeed, this litigation is in its early stages.  And, finally, the Court observes that neither Defendant Wellpath Holdings nor the Commonwealth Defendants asserts any prejudice if the Court were to allow the proposed amendment.[3]

---

[3] Although Defendants have not asserted such prejudice, the Court still recognizes that Defendants have expended time and resources in responding to Plaintiff's amended complaint and will need to expend additional time and resources responding to Plaintiff's second amended complaint if leave to amend is granted.  However, for the reasons discussed below, the Court will

Rather, the issue before the Court is one of futility—that is, whether the proposed second amended complaint fails to state a claim upon which relief could be granted. In this regard, Defendants argue that the second amended complaint fails to state such a claim. (Doc. Nos. 47, 48.) In support, Defendants assert that apart from adding a new defendant (i.e., Coffman), Plaintiff's amended complaint and proposed second amended complaint are nearly identical. (Id.) However, the Court observes that Plaintiff's proposed second amended complaint also seeks to add Fisher as a defendant to this litigation, and Defendants have not addressed this change in Plaintiff's proposed pleading. Additionally, the Court has compared Plaintiff's amended complaint to his proposed second amended complaint. While the Court agrees with Defendants that these pleadings are similar, Plaintiff has not only named two (2) additional defendants, but he has also expanded upon some of the allegations in his second amended complaint. See, e.g., (Doc. No. 45 ¶¶ 34 through 36, 45 through 47, 67, 92, 107, 109, 110, 117 through 122, 125, 126). Defendants, however, have not specifically addressed these additional allegations.

Thus, in light of Plaintiff's pro se status in this litigation and his apparent efforts to diligently identify additional defendants and assert additional allegations, coupled with the applicable liberal pleading standard, the Court concludes that the most judicious course of action is to freely grant Plaintiff leave under the circumstances of this case. Accordingly, the Court will grant Plaintiff's motion to amend his amended complaint, and the Court will deem his proposed second amended complaint as the operative pleading in this matter.

---

utilize its discretion to permit amendment in light of the liberal pleading standard contemplated by the Federal Rules of Civil Procedure and the factors set forth in Foman.

In light of this ruling, the Court will deny, as moot, Defendants' pending motions to dismiss Plaintiff's amended complaint. (Doc. Nos. 23, 25.) Defendants of course will be afforded the opportunity to assert, or reassert, their arguments in connection with Plaintiff's second amended complaint. Additionally, because the Court will direct the Clerk of Court to serve a copy of the second amended complaint on the newly named defendants (i.e., Coffman and Fisher), should defense counsel need additional time in order to file a collective response on behalf of the individuals/entity they represent, defense counsel need only file that request with the Court.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's motion to amend his amended complaint (Doc. No. 43), and the Court will deny, as moot, Defendants' motions to dismiss Plaintiff's amended complaint (Doc. Nos. 23, 25). In addition, the Court will grant Plaintiff's motions for an extension of time to file briefs (Doc. Nos. 49, 51), but deny, as moot, the parties' remaining motions on the Court's docket (Doc. Nos. 29, 34, 35, 36, 39).

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania